UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22369-CIV-GOLD/TURNOFF

JAMES VAN ELSWYK,

    Petitioner,

v.

D. WOMBACKER, et al.

    Respondents.
_____/

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; CLOSING CASE

THIS CAUSE comes before the Court on Petitioner James Van Elswyk's Emergency Petition for Habeas Corpus [DE 1] filed on September 11, 2007. Petitioner is currently incarcerated at F.D.C. Miami, and he brings this Petition based on allegations that he is not receiving adequate medical care. Petitioner alleges that he suffers from tachycardia, bi-polar disorder, and acute anxiety disorder, as well as other medical problems of which his sentencing court was aware. Before sentencing, he was taking certain prescribed medications for the above medical problems. Those medications were changed after he arrived at Miami F.C.I. According to the Petition, the Bureau of Prisons has continued to deny him his previous medications after being transferred to F.D.C. Miami, where he is currently serving his sentence.

Petitioner also argues that he was disciplined for testing positive for cocaine, but Respondents later admitted that this test result was incorrect. Petitioner claims that because of this error, he is no longer eligible for drug treatment.

Petitioner brings this claim for relief under the Eighth Amendment. He argues that his

1

new medications are ineffective and inappropriate and may be the result of a mis-diagnosis, and that he continues to suffer from discipline that was imposed on him in error.

Respondents argue that Petitioner has received medical care while incarcerated in Miami, including numerous visits with psychiatrist Dr. Leopoldo Perez and one visit on August 17, 2007 with psychiatrist Dr. Delvena Thomas. Respondents concede that on Petitioner's first visit with Dr. Perez, Dr. Perez discontinued Petitioner's prescription for neurontin and recommended tapering him off klonopin. Petitioner's prescription for klonopin was eventually discontinued, and those two medications have not been included in Petitioner's medication regime since that time.

In their Response, Respondents argue that (1) Petitioner has failed to exhaust his administrative remedies on the issue of discipline and regarding his tachycardia condition; and (2) he has failed to state a claim of cruel and unusual punishment in violation of the Eighth Amendment.

I heard oral argument on these matters on October 10, 2007, and then continued the hearing until December 5, 2007. On December 3, 2007, Respondents filed a memorandum in advance of the continued hearing [DE 13], along with a report from Dr. Thomas dated November 1, 2007 and a declaration by William Garcia regarding Petitioner's drug test. According to Dr. Thomas' report, Petitioner was seen on October 31, 2007 for a follow up evaluation of his bipolar affective disorder and his panic disorder, and this evaluation included a review of Petitioner's medical chart, a patient interview with Petitioner, and a review of Petitioner's medications [DE 13, Ex. A]. Following this evaluation, Dr. Thomas' addressed Petitioner's medication for his (1) bipolar affective disorder; (2) maintenance of his panic disorder; (3) acute attacks or exacerbation of his panic disorder; and (4) tachycardia, and Dr.

Thomas recommended that Petitioner be maintained on his current medication. *Id.*

After careful review of the pleadings and filings by the parties, the relevant case law, and the arguments and testimony heard at oral argument, I deny the Emergency Petition for Writ of Habeas Corpus.

I. **Petitioner failed to exhaust administrative remedies regarding his discipline.**

Under the law of this Circuit, prisoners seeking habeas relief must exhaust their administrative remedies before a court may grant habeas relief. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). The Bureau of Prisons Administrative Remedy Program provides for formal, three-tiered review of agency actions, and federal inmates may seek review through this program of any aspect of their confinement. According to 28 C.F.R. 542.15(a), an inmate's administrative remedies are not exhausted until he has received a formal decision from each of the three levels of review.

Because Petitioner does not allege that he sought review of the disciplinary actions taken against him as a result of the drug test, I find that he has not exhausted his administrative remedies with respect to this claim. Therefore, Petitioner's claim with respect to these disciplinary actions is denied.[1]

With respect to Petitioner's allegations of medical treatment, Respondents concede that Petitioner properly exhausted his administrative remedies with regards to the decision to discontinue his prescription of Klonopin. Although Respondents argue that Petitioner's

---

[1] I considered granting Petitioner leave to file an administrative appeal of the disciplinary actions taken against him as a result of his drug test. However, Respondents were persuasive in arguing that Petitioner could have filed such an administrative appeal earlier, and I therefore do not grant leave to file an administrative appeal.

tachycardia is a separate issue, requiring separate exhaustion of administrative remedies, I find that Petitioner has alleged that the change in his medication may be a cause of his tachycardia attacks. Therefore, Petitioner's claims regarding tachycardia do not fail for lack of exhaustion to the extent that the tachycardia may be connected with the change in medication. However, I find that Petitioner has failed to exhaust other claims regarding lack of adequate medical care for tachycardia which do not relate to the change in medication.

II.     **Petitioner's medical treatment does not violate the Eighth Amendment.**

In the Eleventh Circuit, a prisoner can establish an Eighth Amendment violation by showing that prison officials were deliberately indifferent to his serious medical needs. *Woods v. Miller*, 215 Fed. Appx. 796, 797 (11th Cir. 2007); *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). In order to establish deliberate indifference, a prisoner must prove (1) an objectively serious medical need and (2) that the prison official acted with deliberate indifference to that need. *Id.* at 1351.

With regards to the first element, a serious medical need is one that was diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the need for medical attention. *Id.* Furthermore, "the medical need must be one that, if left unattended, poses a substantial risk of serious harm." *Id.* Here, Respondents have attached medical records to their response which show that prior to his incarceration, Petitioner's doctor had diagnosed and treated him for bi-polar disorder and acute anxiety disorder. Respondents' doctors also diagnosed Petitioner as suffering from bi-polar disorder. Based on these diagnoses and Petitioner's history of treatment for these conditions, I find that Petitioner has an objectively serious medical need. Therefore, Petitioner has established the first element of deliberate indifference.

4

For the second element, petitioner may show deliberate indifference in several ways, including but not limited to (1) "actual knowledge of a serious need for medical care, plus a failure to treat"; (2) "grossly inadequate care"; (3) "a decision to take an easier but less efficacious course of treatment;" (4) or "medical care which is so cursory as to amount to no treatment at all." *Woods*, 215 Fed. Appx. at 798 (holding that a jury could infer deliberate indifference where medical official knew that course of treatment was ineffective and declined to do more to improve prisoner's condition); *see also McElligott v. Foley*, 182 F.3d 1248, 1257-58 (11th Cir. 1999) (holding that jury could find deliberate indifference where although officials were aware that medication was not treating petitioner's severe pain, they did nothing to treat it or respond to his deterioration).

However, incidents of negligence or malpractice in prisoners' medical treatment do not violate the Eighth Amendment. Instead, for the medical treatment of a prisoner to violate the Eighth Amendment, it must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Carroll v. Corr. Med. Serv.*, 160 Fed. Appx. 848, 850 (11th Cir. 2005).

As Respondents concede in their Response, Petitioner filed formal administrative complaints in which he claimed that his medical treatment was not effective. Respondents denied Petitioner's administrative appeals and continued to maintain his complained-of treatment. According to the report filed by Respondents, Dr. Thomas conducted a recent follow up evaluation of Petitioner, and this evaluation included a patient interview, a review of Petitioner's medical chart, and a review of Petitioner's medication [DE 13, Ex. A]. Based on this evaluation and as articulated in her report, Dr. Thomas recommended that Petitioner be maintained on his current medication. *Id.* Specifically, Dr. Thomas made a

5

recommendation with regards to medication for each of Petitioner's four medical issues: (1) bipolar affective disorder; (2) maintenance of his panic disorder; (3) acute attack or exacerbated panic disorder; and (4) tachycardia. *Id.*

Based on this report by Dr. Thomas, I cannot conclude that the medical treatment of Petitioner is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Carroll*, 160 Fed. Appx. at 850. Therefore, I find that Petitioner's medical care does not constitute a violation of the Eighth Amendment, and I deny the Emergency Petition for Writ of Habeas Corpus. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Emergency Petition for Writ of Habeas Corpus [DE 1] is DENIED.
2. This case is CLOSED.
3. All pending motions are DENIED as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on 5 December, 2007.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

**Copies to:**
U.S. Magistrate Judge Turnoff
All Counsel of Record