UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 07-22369-CIV-GOLD/TURNOFF

JAMES VAN ELSWYK,

    Petitioner,

v.

D. WOMBACKER, et al,

    Respondents.
                                                 /

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court on Petitioner's Motion for Reconsideration of Denial of Writ of Habeas Corpus [DE 16]. Petitioner moves that I reconsider my Order Denying his Petition for Writ of Habeas Corpus and Closing Case [DE 14], issued on December 5, 2007. Specifically, Petitioner asks that I reconsider the issue of the determination that petitioner has failed to exhaust his administrative remedies in relation to the matter of an incident report erroneously indicating that Petitioner tested positive for cocaine and barbiturates. (Motion for Reconsideration, DE 16 at ¶ 2). The clerical error in preparing the incident report indicating that Petitioner tested positive for cocaine and barbiturates resulted in Petitioner's dismissal from the prison's drug treatment program. Petitioner admits that he did not exhaust administrative remedies, but argues that he did not appeal the findings because he was not aware of the errors until the December 5, 2007 hearing in this case. The evidence in the record shows otherwise.

First, the Petition for Writ of Habeas Corpus, filed on September 11, 2007, mentions that as a result of failing an institutional drug test, Petitioner was removed from the drug program. (Petition, DE 1 at ¶ 14). It further states that Petitioner was later informed that the report indicating he had tested positive for cocaine was the result of an administrative error. (*Id.* at ¶ 16). In addition, in the instant Motion for Reconsideration, Petitioner admits that he became aware of the error in April or May of 2007. Therefore, Petitioner cannot argue that he did not exhaust his administrative remedies because he became aware of the mistake at the December 5, 2007 hearing.

1

More important, the government has submitted the Declaration of William Garcia, Special Investigative Services Technician for the Federal Bureau of Prisons at the Federal Correctional Institution in Miami. (Respondents' Memorandum, DE 13 at Ex. B). Mr. Garcia has testified that Petitioner, along with two other inmates were tested at about the same time. All three inmates' test results were returned as positive for narcotics. In drafting the incident report for Petitioner, Mr. Garcia inadvertently reviewed the wrong positive test result slip and attached the wrong slip returned from the lab result. The test result he reviewed belonged to an inmate named Joaquin Marino and showed a positive test result for cocaine, barbiturates, and benzodiazepines. Mr. Garcia realized the mistaken sometime in April 2007, and prepared a memorandum to correct the report based on his error. The corrected report indicated that the specimen number for Petitioner Van Elswyk was returned for a positive test result for benzodiazepines. Petitioner has not challenged Mr. Garcia's declaration. Therefore, notwithstanding the clerical error and putting aside the fact that Petitioner has failed to exhaust his administrative services, Petitioner is no longer eligible for the drug program because he did in fact test positive for benzodiazepines.

Having reviewed the Motion for Reconsideration and relevant parts of the record, for the reasons stated herein, I conclude that Petitioner has provided no legal basis to warrant reconsideration of my earlier order.

Accordingly, it is hereby ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration [DE 16] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of January, 2008.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge William C. Turnoff
All counsel of record